IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| QUY PHAM, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF HIS MINOR DAUGHTER, ALISA TRAN PHAM | }<br>}<br>}<br>}<br>} |
| VS. | } CIVIL ACTION NO. 9:03CV118<br>} JURY<br>} |
| NEWELL RUBBERMAID INC. Individually and d/b/a Century Products Company and GRACO CHILDREN'S PRODUCTS INC., A Newell Rubbermaid Inc. Company | }<br>}<br>}<br>}<br>} |

## PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES QUY PHAM, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF HIS MINOR DAUGHTER, ALISA TRAN PHAM, Plaintiff, complaining of NEWELL RUBBERMAID INC., Individually and d/b/a Century Products Company, and GRACO CHILDREN'S PRODUCTS INC., A Newell Rubbermaid Inc. Company, Defendants, and for cause of action would show the Court the following:

I.

Plaintiff is a resident of Nacogdoches, Nacogdoches County, Texas.

Defendant, NEWELL RUBBERMAID, INC. is a Delaware Corporation with his principal place of business in Rockford, Illinois, with its agent for service being C. T. Corporation System 208 South LaSalle Street, Chicago, Illinois 60604.

Defendant, GRACO CHILDREN'S PRODUCTS INC. is a Delaware Corporation with its principal place of business in Exton, PA, with its agent for service being The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

II.

Plaintiff, QUY PHAM is the surviving father of Alisa Tran Pham, deceased who sustained fatal injuries on August 2, 2002, and is entitled to recover damages on the account of the wrongful death of his infant daughter.

Defendants were at the time of the occurrence made the basis of this suit, and is now engaged in the business of designing, manufacturing and marketing certain products, including a Century Celestia Newborn/Infant Car seat.

The fatal injuries received by Alisa Tran Pham which resulted in her death on August 2, 2002, came about and as the result of an incident which occurred on that same day in Nacogdoches, Nacogdoches county, Texas, when Plaintiff's infant daughter, Alisa Tran Pham, was properly secured in a Century Celestia Newborn/Infant Car seat in the backseat of a 1994 Chrysler Concorde vehicle, when the vehicle was involved in a collision. At the time of the collision, the seat mold of the Century Celestia Newborn/Infant Car Seat broke causing the seat with the child strapped in, to come off the base causing severe injuries and the resulting death to Plaintiff's infant daughter.

Plaintiff alleges that the Century Celestia Newborn/Infant Car Seat was defective and unsafe for its intended purposes at the time it left the control of the Defendant and at the time it was purchased by Plaintiff and that the defect in manufacture, design and marketing was a producing and/or proximate cause of the death of Plaintiff's daughter and his damages set forth herein.

Defendants expressly and impliedly warranted to the public, generally and specifically to QUY PHAM that the Century Celestia Newborn/Infant Car Seat was of merchantable quality and

was safe and fit for the purpose intended when used under ordinary conditions and in an ordinary manner. Plaintiff, QUY PHAM relied upon these expressed and implied warranties for the safety of his daughter and has suffered because of the death of his daughter, as a proximate result of the breach of these warranties.

### III.

Defendants, by and through their agents, servants and employees designed, manufactured, distributed, sold and/or marketed the Century Celestia Newborn/Infant Car Seat that is the subject of this lawsuit, and said Defendants, by and through their agents, servants and employees, are guilty of acts of negligence which was a proximate cause of the severe injuries and resulting death of Plaintiff's infant daughter and damages suffered by Plaintiff, QUY PHAM.

### IV.

With respect to the personal injuries sustained by Alisa Tran Pham on August 2, 2002, and from which she suffered until the time of her death, Plaintiff, QUY PHAM, brings this suit in his representative capacity as the representative of the Estate of ALISA TRAN PHAM, deceased. In this regard, and in this capacity, and pursuant to V.T.C.A., Civil Practice and Remedies Code, Section 71.021, QUY PHAM asserts a claim for the following elements of damages sustained by ALISA TRAN PHAM from the time of her injuries to the time of her death:

1) physical pain;

2) mental anguish;

3) disfigurement, and

4) medical and funeral expenses.

V.

As a result of the negligence of the Defendants, by and through their agents, servants and employees, the Plaintiff has been deprived of his daughter and has suffered all of the elements of damages recognized by the wrongful death statute of the State of Texas and the law pertaining thereto and seek damages for each and every element of damage recoverable under the laws of the State of Texas, including but not limited to loss of care maintenance, support, services, advice, counsel, love, affection, counseling, companionship, comfort, society, and contributions of pecuniary, loss of consortium, and loss of household services that which he would have, in reasonable probability received from his daughter for the remainder of his life until the time of his natural death had she lived. Plaintiff states that his minor daughter was in reasonable good general physical health and had a substantial number of years of life expectancy and would have lived out his life expectancy in all reasonable probability had it not been for her tragic untimely death as a result of the incident made the basis of this lawsuit. Additionally, Plaintiff has suffered extreme physical and mental pain and anguish, emotional pain and torment and grief over the loss of Alisa Tran Pham from the time of her death to the present time and that in all probability he will continue to suffer such mental anguish for the rest of his natural life.

VI.

The Plaintiff hereby seeks all Pre-Judgment and Post-Judgment Interest in the maximum amounts as allowed by law on each separate and individual element of damage.

VII.

According to the Vital Statistics of the United States, 1998 Life Tables, Plaintiff's minor daughter had a life expectancy of 79.1 years and Plaintiff intends to use a certified copy of the Vital Statistics of the United States, 1998 Life Tables and offer same into evidence at the time of trial.

## VIII.

Plaintiff hereby requests a jury trial.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants, NEWELL RUBBERMAID INC., Individually and d/b/a Century Products Company, and GRACO CHILDREN'S PRODUCTS INC. as follows:

1. The sum of $2,000,000.00 for the wrongful death of his daughter, and all related losses and damages set out herein;

2. Costs in this action.

3. Such other relief as the Court may deem proper.

Respectfully submitted,

BADDERS LAW OFFICE
Attorneys at Law
P. O. Drawer 630670
Nacogdoches, Texas 75963-0670
(936) 564-6181

By: _____
Jeff B. Badders
Bar I. D. No. 01496850
Attorney for Plaintiff

Case 9:03-cv-00118-TH   Document 7   Filed 08/12/03   Page 6 of 6 PageID #:  24

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all attorneys of record by depositing same in the U. S. Mail on this the _____ day of _____, 2003.

Jeff B. Badders

cc: Patricia J. Kerrigan
    Attorney at Law
    Werner & Kerrigan LLP
    1300 Post Oak Boulevard
    Suite 2225
    Houston, Texas 77056

Mr. Steve Roper
Attorney at Law
P. O. Drawer 1728
Lufkin, Texas 75902-1728